UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| MEGAN MILLS, et al., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:23-CV-150-CHB |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OPINION** |
| BAPTIST HEALTH CORBIN, et al., | ) | **AND ORDER** |
| | ) | |
| Defendants. | ) | |

**\*\*\*   \*\*\*   \*\*\*   \*\*\***

This matter is before the Court on the Motion for Summary Judgment filed by Defendants Baptist Healthcare System, Inc. (d/b/a/ Baptist Health Corbin) and Unknown Nurses/Technicians/Assistants/Employees of Baptist Health Corbin (together, "Baptist"). [R. 6]. Plaintiffs Megan and Joshua Mills responded in opposition [R. 9], and Baptist did not reply. For the following reasons, the Motion for Summary Judgment will be denied without prejudice.

**I.**

This medical malpractice action arises out of complications following Plaintiff Megan Mills's vaginal birth at Baptist Health Hospital in Corbin, Kentucky. *See generally* [R. 1-1 (State Court Record)]. Mrs. Mills gave birth on June 12, 2022, and thereafter remained hospitalized until June 14, 2022. [R. 6-2 (Plaintiffs' Discovery Responses), p. 7]. Approximately two weeks later, on or around June 28, 2022, Mrs. Mills noticed "abnormal symptoms," including "discharge" and a "potent odor." *Id.* She "first noticed the symptoms in a public location." *Id.* Once at home, Mrs. Mills "removed from her vaginal canal, by herself at her home, a surgical implement/surgical sponge/lap sponge/gauze, which had been retained during" her stay at Baptist. *Id.*

As a result, Plaintiffs Megan and Joshua Mills brought this action in Whitley Circuit Court on June 12, 2023, *see generally* [R. 1-1 (State Court Complaint), pp. 2–18], alleging negligence and gross negligence against Baptist Health Corbin (Count I), *id.* at ¶¶ 19–32; her attending physician, Dr. Travis Gilbert (Count II), *id.* at ¶¶ 33–38; her attending nurse, "Nurse Melinda B." (Count III), *id.* at ¶¶ 39–44; and other Unknown Nurses/Technicians/Assistants/Employees of Baptist Health Corbin (Count IV), *id.* at ¶¶ 45–49. Mr. Mills also brings a claim for loss of consortium (Count V), *id.* at ¶¶ 50–53. Plaintiffs seek compensatory and punitive damages (Counts VI and VII), *id.* at ¶¶ 54–58.

On August 15, 2023, the United States, on its own behalf and on behalf of Defendant Dr. Gilbert, removed the action to this Court, *see* [R. 1 (Notice of Removal)], and contemporaneously filed a Motion to Substitute [R. 2-1].[1] The following day, the Court entered its Standing Case Management and Referral Order, which referred the matter to Magistrate Judge Hanly A. Ingram pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72. *See* [R. 5]. Before Magistrate Judge Ingram entered a scheduling order, however, on September 15, 2023, the Baptist Defendants filed the instant Motion for Summary Judgment, arguing that Plaintiffs have failed to demonstrate they suffered any legally cognizable injuries. [R. 6]. Plaintiffs responded, positioning that although they believe they have already shown such injuries, even if they have not at this point, additional discovery will allow them to do so. [R. 9]. Baptist did not file a reply, and the matter stands submitted for the Court's consideration.

**II.**

---

[1] Because Dr. Gilbert was a federal employee acting within the scope of his employment at all relevant times, under 42 U.S.C. § 233, the magistrate judge assigned to this case granted the United States' motion. [R. 7]. Dr. Gilbert was thus terminated as a Defendant in this case, and at that point, the United States moved to dismiss Plaintiffs' claims against it for lack of subject matter jurisdiction. [R. 8]. Having found that Plaintiffs failed to comply with the Federal Tort Claims Act by first exhausting their administrative remedies with respect to their claims against the United States, the Court granted the motion. [R. 12].

In Kentucky, "medical negligence requires the following elements: (1) a duty of care; (2) breach of that duty; (3) actual injury; and (4) the injury was proximately caused by the negligence." *Walker v. S. Health Partners*, 576 F. Supp. 3d 516, 548 (E.D. Ky. 2021) (citation omitted). "Plaintiffs alleging medical malpractice are generally required to put forth expert testimony to show that the defendant medical provider failed to conform to the standard of care." *Id.* (citing *Blankenship v. Collier*, 302 S.W.3d 665, 670 (Ky. 2010)). Relatedly, under Kentucky law, "establishing gross negligence requires something more than the failure to exercise slight care." *May v. Akers*, No. 5:21-CV-182-DCR-HAI, 2023 WL 3407404, at *13 (E.D. Ky. Mar. 22, 2023), report and recommendation adopted, No. CV 5:21-182-DCR, 2023 WL 3019667 (E.D. Ky. Apr. 20, 2023) (cleaned up) (citations omitted). "Gross negligence means a 'wanton or reckless disregard for the lives, safety, or property of others.'" *Id.* (citing *Saint Joseph Healthcare, Inc. v. Thomas*, 487 S.W.3d 864, 870 (Ky. 2016); *Gibson v. Fuel Transport, Inc.*, 410 S.W.3d 56, 59 (Ky. 2013)).

In its Motion, Baptist does not attempt to argue that it conformed to the appropriate standard of care. Focusing, rather, on the third negligence element, Baptist argues Plaintiffs have failed to show they suffered any legally cognizable injuries. *See generally* [R. 6-1]. Baptist suggests, "[d]espite written discovery requests seeking such information, Plaintiffs failed to provide an explanation or proof of any injuries or damages incurred as a result of the retention of this packing for sixteen (16) days, nor did she list treatment subsequently obtained in relation to the claimed damages." *Id.* at 4. Thus, Baptist submits that "[b]ased on the existing record, there is no proof to demonstrate that Plaintiffs were harmed by the alleged negligence." *Id.*

For their part, the Plaintiffs submit that they have already at least shown a genuine issue of material fact as to whether they suffered legally cognizable injuries, including embarrassing odor,

physical pain and discomfort, and mental suffering by Mrs. Mills, which caused her to seek treatment at Resurgence Counseling Center, LLC, as well as marital strain suffered by both Plaintiffs, due to Baptist's failure to remove packing material from Mrs. Mills's vaginal canal. [R. 9, pp. 5, 3]. More than that, though, Plaintiffs explain that the parties exchanged only limited discovery after this case was brought in Whitley Circuit Court, but "since removal, the parties have not met pursuant to Rule 26(f)" and "have not exchanged their initial disclosures." [R. 9, p. 2]. Because "[t]he federal summary judgment rule intends that the parties have a chance to conduct discovery" and "Baptist continues to obtain medical records with a medical records release signed by the Plaintiff(s) as part of the initial discovery responses," the Plaintiffs urge the Court to deny summary judgment at this juncture, as "[i]nformation concerning the injuries and damages will be provided upon further discovery . . . and the procedural development of this case." *Id.* at 3, 6. The Baptist defendants failed to reply to this argument, and they likewise failed to reply to Plaintiffs' argument that discovery is incomplete.

Considering the posture of this case, the Court agrees that Plaintiffs should be permitted to conduct additional discovery before a summary judgment ruling issues. Although this case has been referred to a magistrate judge, *see* [R. 5], and some discovery has been exchanged between the parties, Baptist filed its Motion for Summary Judgment less than a month after the Court's referral order was entered, and before Magistrate Judge Ingram had the opportunity to enter a scheduling order that outlines the timeline and parameters for discovery and dispositive motions practice. As the Plaintiffs put it, "this case is fresh" and "Baptist's Motion for Summary Judgment comes before a Rule 26(f) Planning Conference, before initial disclosures, and before a scheduling order creating a fact discovery deadline." [R. 9, pp. 2, 3]. Further, as the Plaintiffs note, Mrs. Mills has provided Baptist a signed medical release through discovery, and counsel is still in the process

of obtaining her medical records. *Id.* at 6. According to Plaintiffs, additional discovery (including these medical records) will demonstrate the harm suffered by Baptist's alleged negligence, *id.* at 7, and the Court therefore finds that a summary judgment ruling on the issue of damages would be premature at this juncture.

Of course, the Court acknowledges that Federal Rule of Civil Procedure 56 "contemplates that a defending party may move for summary judgment even before any discovery has been taken." *Short v. Oaks Corr. Facility*, 129 F. App'x 278, 280 (6th Cir. 2005); *see also* Fed. R. Civ. P. 56(b) ("Unless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."). "Importantly, though, '[t]he general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery.'" *Zakora v. Chrisman*, 44 F.4th 452, 479 (6th Cir. 2022) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)); *see also Jefferson v. Chattanooga Pub. Co.*, 375 F.3d 461, 463 (6th Cir. 2004) (citations omitted) ("Rule 56(b) allows a defendant to file the motion at any time, so long as the non-moving party has had sufficient time to engage in discovery."); *E. Kentucky Cardiothoracic Surgery, P.S.C. v. Ashland Hosp. Corp.*, 119 F. App'x 715, 717 (6th Cir. 2004) ("A court may rule on a motion for summary judgment only after the nonmoving party has had adequate time for discovery.") (cleaned up). Consequently, "[s]ummary judgment motions filed before the close of discovery are often denied as premature in the Sixth Circuit." *Ostrander v. Smith*, No. 23-10803, 2023 WL 6812644, at *1 (E.D. Mich. Aug. 17, 2023), report and recommendation adopted, No. 23-CV-10803, 2023 WL 6812056 (E.D. Mich. Oct. 16, 2023) (counting cases).

Indeed, under Rule 56, if the non-moving party "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," this Court may:

      (1) defer considering the motion or deny it;
      (2) allow time to obtain affidavits or declarations or to take discovery; or
      (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d). The Sixth Circuit has "observed that filing an affidavit that complies with Rule 56(d) is essential," and that absent such a motion or affidavit, it "will not normally address whether there was adequate time for discovery." *Moore*, 718 F. App'x at 319 (citing *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196 (6th Cir. 1995)); *see also Zakora*, 44 F.4th at 479 (quoting *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002)) ("[W]hen a nonmovant believes that it needs more time for discovery before it can respond to a motion for summary judgment, 'the non-movant must file an affidavit pursuant to Fed. R. Civ. 56[(d)] that details the discovery needed, or file a motion for additional discovery.'").

However, while Rule 56(d) outlines the general process by which a party may seek additional discovery through the filing of an affidavit, the Sixth Circuit has also recognized that a formal affidavit is not always required. *See Moore*, 718 F. App'x at 319. In *Moore*, the Sixth Circuit explained that "although Rule 56 'provides courts with a useful method by which meritless cases may be discharged . . . the benefits of this rule are quickly undermined if it is employed in a manner that offends concepts of fundamental fairness.'" *Id.* (quoting *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231 (6th Cir. 1994)). "Indeed," the Court continued, "a formal affidavit may not be required when a party has clearly explained its need for more discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment." *Id.* (citing *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017)) (add'l citation omitted). For that reason, the Sixth Circuit concluded that although the *Moore* plaintiff "filed neither a Fed. R. Civ. P. 56(d) affidavit nor a request for additional discovery, by making the argument in her opposition brief, she complied with the substance and purpose of Rule 56(d) and fulfilled her

obligation to inform the district court of [her] need for discovery prior to a decision on the summary judgment motion." *Id.* (internal citation and quotation marks omitted).

Ultimately, the Court has "broad discretion [under Rule 56(d)] to grant or deny additional time before ruling on summary judgment so long as its decision is not 'arbitrary, unjustifiable, or clearly unreasonable.'" *Baker v. Jordan*, No. 3:18-cv-471, 2021 WL 3782896, at *2 (W.D. Ky. Aug. 25, 2021) (quoting *F.T.C. v. E.M.A. Nationwide, Inc.*, 767 F.3d 611, 623 (6th Cir. 2014)); *see also Moore*, 718 F. App'x at 320 (finding district court abused discretion in granting summary judgment with insufficient discovery and explaining that "[a]lthough this Court has upheld cases granting summary judgment prior to discovery, . . . such cases are extraordinary and not the norm").

Here, Plaintiffs have expressly requested additional discovery prior to a summary judgment ruling. [R. 9, pp. 7, 9] ("At the very least, the parties should be permitted to engage in discovery as permitted by the rules. . . . Given the early procedural posture of this case, prior to the Rule 26(f) Planning Conference, summary judgment is a premature request made in an attempt to end the case near the outset."). They have also specifically articulated the discovery needed (namely, additional medical records) and how that discovery will both support their claimed damages and allow them to defend Baptist's summary judgment motion. Like in *Moore*, the Plaintiffs did not initially file a formal affidavit or declaration. But because they "argued in [their] opposition to Defendants' motion for summary judgment that [they] had an inadequate opportunity for discovery," the Court finds that "[r]equiring a redundant 56(d) affidavit in this case, where Plaintiff[s] [have] already made the argument in [their] opposition brief, would unduly exalt form over substance." 718 F. App'x at 319. For these reasons, consistent with Sixth Circuit precedent, the Court, in its discretion, finds that even though the Plaintiffs did not file an affidavit or

declaration supporting their need for additional discovery, they have "complied with the substance and purpose of Rule 56(d) and fulfilled [their] obligation to inform" this Court of their need for discovery before a summary judgment ruling issues. *Id.* (internal citation and quotation marks omitted).

"When, as here, the party seeking relief under FRCP 56(d) has complied with its procedural requirements, 'the Sixth Circuit has provided guidance as to the factors a court should evaluate in considering whether to permit the requested discovery.'" *Baker*, No. 3:18-cv-471, 2021 WL 3782896, at *3 (citing *Cressend v. Waugh*, No. 2:09-CV-01060, 2011 WL 883059, at *2 (S.D. Ohio Mar. 11, 2011); *CenTra, Inc. v. Estrin*, 538 F.3d 402, 420 (6th Cir. 2008)). Those factors include: "(1) when the party seeking discovery learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would change the ruling; (3) how long the discovery period has lasted; (4) whether the party seeking discovery was dilatory in its discovery efforts; and (5) whether the party moving for summary judgment was responsive to discovery requests." *Id.*; *see also CenTra*, 538 F.3d at 420.

The Court, in considering these factors, finds that the Plaintiffs have demonstrated additional discovery is necessary in this case. First, the parties knew or should have known of the issue (Plaintiffs' claimed damages) that is the subject of the desired discovery at the outset of this case. This factor does not, however, counsel against allowing additional discovery, because Baptist's summary judgment motion was filed near the outset of this case. *Compare* [R. 1-1, pp. 2–18 (State Complaint, filed June 12, 2023)] *and* [R. 1 (Notice of Removal, filed August 15, 2023)], *with* [R. 6 (Summary Judgment Motion, filed September 15, 2023)]. Second, the discovery requested could be outcome determinative at summary judgment, as the parties do not disagree over the fact that Plaintiffs must demonstrate injury to prevail on their negligence claims. *See* [R.

6-1, p. 5] ("Kentucky law has consistently held that a cause of action in tort requires a present physical injury to the plaintiff."); [R. 9, p. 8] ("The Plaintiffs have shown evidence of damages suffered as a result of the negligence alleged in the Complaint."). In other words, without the requested discovery demonstrating their injury and damages, summary judgment for Baptist would likely be appropriate. Third, the discovery period has only just begun, as the parties exchanged limited discovery prior to removal, and the magistrate judge assigned to this federal action has yet to enter a scheduling order setting discovery deadlines. *See* [R. 5 (Referral Order)]; *see also* [R. 9, p. 3] ("Baptist's Motion for Summary Judgment comes before a Rule 26(f) Planning Conference, before initial disclosures, and before a scheduling order creating a fact discovery deadline.").

Fourth, there is no indication, on this record, that Plaintiffs have been dilatory in their discovery efforts. Fifth and finally, there are no allegations concerning any party's failure to adequately or promptly respond to discovery requests. Rather, the parties have simply not had a sufficient opportunity, at this early stage, to engage in discovery. Accordingly, the Court agrees with Plaintiffs that a summary judgment ruling would be premature at this juncture. *See Ethridge v. Salter Labs, Inc.*, No. 3:20-CV-00724-RGJ-CHL, 2021 WL 4430769, at *3 (W.D. Ky. Sept. 27, 2021) (denying summary judgment motion without prejudice where "some discovery was taken prior to removal," but motion was filed "before the Scheduling Order was entered," and where plaintiff "did not file an FRCP 56(d) affidavit with his response brief" but "complied with the procedural requirements of FRCP 56(d) by setting forth the specific discovery he needs" in the response); *Silverman v. I.C. Sys., Inc.*, No. 2:18-CV-1281, 2019 WL 1981883, at *3–4 (S.D. Ohio May 3, 2019) (deeming summary judgment motion "premature" and denying without prejudice where the motion was filed soon after removal and "before the parties filed their Rule 26(f)

planning report," and where plaintiff requested additional discovery in his response but did not file formal Rule 56(d) affidavit).

The cases cited by Baptist in its Motion do not otherwise convince the Court that summary judgment would be appropriate at this early stage. First, Baptist cites *Gregorio v. Zeluck*, 451 Pa. Super. 154 (1996), a nearly three-decade-old case out of Pennsylvania, in which a couple filed a similar medical malpractice action against an attending doctor for failure to remove surgical packing following a vaginal delivery. Baptist believes this case is helpful to its position. But, importantly, *Gregorio* proceeded to a jury trial, where an expert testified as to Mrs. Gregorio's alleged harm, the "medically accepted standards" of obstetrics care, and whether Mrs. Gregorio's symptoms were abnormal following a vaginal birth. *Id.* at 159. Similarly, Baptist also cites *Druilhet v. Comeaux*, 317 So. 2d 270 (La. Ct. App.), writ denied, 321 So. 2d 363 (La. 1975), a nearly half-century old case out of Louisiana, in which a husband sued his wife's medical provider for failure to remove a surgical sponge after childbirth. That case also proceeded to a jury trial, and the Louisiana appellate court considered several post-trial issues, including concerns over voir dire and whether the plaintiffs should be entitled to a new trial. *Id.* at 272. This case, in contrast, is largely in its infancy, and the Plaintiffs have not had the opportunity to fully engage in discovery, much less retain an expert witness. Moreover, because this case must be decided based on modern Kentucky negligence law, the Court is not convinced that out-of-date decisions from other jurisdictions are applicable to the Plaintiffs' claims in this case.

As a closing note, the Court observes that Baptist did not file a reply indicating any opposition to Plaintiffs' arguments regarding the need for additional discovery, nor did it argue in its Motion for Summary Judgment that Plaintiffs could under no circumstances prove cognizable injuries stemming from a retained object. Rather, Baptist positions that "*[b]ased on the existing*

*record*, there is no proof to demonstrate that Plaintiffs were harmed by the alleged negligence."
[R. 6-1, p. 4] (emphasis added). Of course, the Eastern District of Kentucky's Local Rules do not
require that the moving party file a reply brief, *see* LR 7.1 ("A party *may* file a reply within 14
days of service of the response.") (emphasis added), but the Court observes that Baptist has at no
point (in its Motion or otherwise) explained why additional discovery would be futile or
unnecessary. Given the nature of the claims in this case and Plaintiffs' unchallenged allegation
that they have not had an adequate chance to conduct discovery, the Court believes that, prior to
making a summary judgment ruling, the interests of justice are best served by allowing the parties
to engage in additional discovery. The Court will thus and deny Baptist's Motion without prejudice
and allow the magistrate judge to enter a scheduling order setting forth the discovery, dispositive
motions, and other deadlines in this case.

### III.

For the foregoing reasons, and with the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** as follows:

1.      The Motion for Summary Judgment **[R. 6]** filed by Defendants Baptist Healthcare
System, Inc. (d/b/a/ Baptist Health Corbin) and Unknown
Nurses/Technicians/Assistants/Employees of Baptist Health Corbin is **DENIED without
prejudice**.

This the 28th day of May, 2024.



CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF
KENTUCKY